989 F.2d 501
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
SILVER CLOUD, INC., d/b/a Columbiana Plastics; Stephen J.
Motosko, II, Plaintiffs-Appellees/Cross-Appellants,
v.
NATIONAL KITCHEN PRODUCTS; Edward J. Morris; Defendants-Appellees,
Quikut, Division of Scott & Fetzer Company,
Defendant-Appellant/Cross-Appellee.
 Nos. 92-4306, 92-4320.
 United States Court of Appeals, Sixth Circuit.
 March 18, 1993.
 
 Before KENNEDY and ALAN E. NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 The defendant, Quikut, appeals the jury verdict and judgment in favor of the plaintiffs. (Case No. 92-4306). The plaintiff cross-appeals from earlier unfavorable rulings. (Case No. 92-4320). Quikut perfected a second appeal following the district court's disposition of plaintiffs' motion for prejudgment interest. (Case No. 92-4373). Defendant National Kitchen Products, an appellee in Case No. 92-4320, moves to dismiss that appeal on grounds that it was brought while a time-tolling motion was pending. The plaintiff responds that all three appeals are premature, arguing that a motion to reconsider remains pending in the district court. Both National Kitchen Products and Quikut have replied in opposition to the plaintiff's response. Plaintiff has filed a supplemental response.
 
 
 2
 During trial of this matter, the district court directed verdict for the defendants on the plaintiffs' antitrust claims. Thereafter, the plaintiff filed a motion to reconsider, asking that those claims be submitted to the jury. The district court later submitted the case to the jury without the antitrust claims. A verdict was rendered for plaintiffs against the remaining defendant on a single count. Before a formal judgment had been entered on the verdict, the plaintiffs made a motion for prejudgment interest. Such a motion tolls the time for appeal. Osterneck v. Ernst & Whinney, 489 U.S. 169 (1989). Both the plaintiffs' appeal in Case No. 92-4320 and defendant Quikut's appeal in Case No. 92-4306 were filed while that motion was pending. Those notices of appeal are ineffective. Fed.R.App.P., 4(a)(4); Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982) (per curiam). Following disposition of the motion, Quikut perfected a second appeal, Case No. 92-4373, but the plaintiffs did not.
 
 
 3
 Only Case No. 92-4373 vests this court with jurisdiction. The motion to reconsider the directed verdict does not render these appeals premature, as the plaintiffs argue, because the motion was effectively denied when the district court submitted the case to the jury. Further, the motion sought reconsideration of a nonfinal ruling of the district court and not of the final judgment.
 
 
 4
 It therefore is ORDERED that the motion to dismiss Case No. 92-4320 is granted. Further, Case No. 92-4306 is dismissed sua sponte as premature. Case No. 92-4373 shall remain upon the court's docket.